**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | | |
|---|---|---|
| DANNY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No: 1:14-cv-01036-STA-egb |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AFFIRMING THE DECISION OF THE COMMISSIONER**

Plaintiff Danny Davis filed this action to obtain judicial review of Defendant Commissioner's final decision denying his application for disability insurance benefits under Title II of the Social Security Act ("the Act"). Plaintiff's application was denied initially and upon reconsideration by the Social Security Administration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on August 8, 2012. On September 27, 2012, the ALJ denied the claim. The Appeals Council subsequently denied the request for review. Thus, the decision of the ALJ became the Commissioner's final decision. For the reasons set forth below, the decision of the Commissioner is **AFFIRMED**.

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he was a party. "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the

1

cause for a rehearing."[1]  The court's review is limited to determining whether there is substantial

evidence to support the Commissioner's decision,[2] and whether the correct legal standards were

applied.[3]

Substantial evidence is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion."[4]  It is "more than a mere scintilla of evidence, but less than a

preponderance."[5]  The Commissioner, not the Court, is charged with the duty to weigh the

evidence, to make credibility determinations and resolve material conflicts in the testimony, and

to decide the case accordingly.[6]  When substantial evidence supports the Commissioner's

determination, it is conclusive, even if substantial evidence also supports the opposite

conclusion.[7]

Plaintiff was born on May 15, 1950.[8]  He alleges disability due to diabetes, kidney

problems, neuropathy, heart problems, gastroesophageal reflux disease, anemia, three leaking

---

[1]  42 U.S.C. § 405(g).

[2]  *Id.*

[3]  *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).  *See also Landsaw v. Sec'y of Health & Human Servs*, 803 F.2d 211, 213 (6th Cir. 1986).

[4]  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389 (1971)).

[5]  *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

[6]  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

[7]  *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

[8]  (R. 73, ECF No. 8.)

valves, tinnitus, and high blood pressure beginning January 1, 2010.[9]  Plaintiff obtained a Bachelor's Degree in Business and has previous work experience as a manager for environmental health and safety.[10]

The ALJ made the following findings: (1) Plaintiff met the insured status requirements through December 31, 2013; (2) Plaintiff has not engaged in substantial gainful activity since the alleged onset date; (3) Plaintiff has the following severe impairments: obesity, stage III chronic kidney disease probably secondary to diabetic nephropathy and/or hypertensive nephrosclerosis, diabetes mellitus (controlled) with peripheral neuropathy, hypertension (controlled), chronic anemia, gastroesophageal reflux disease ("GERD"), acolasia, mild cardiomegaly without chronic heart failure, and tinnitus with bilateral hearing loss; but he does not have impairments, either alone or in combination, that meet or equal the requirements of any listed impairment contained in 20 C.F.R. pt. 404, subpt. P, app. 1 of the listing of impairments; (4) Plaintiff retains the residual functional capacity to perform medium work as defined in 20 C.F.R § 404.1567(c) except he can sit up to six hours, but only three hours at a time; stand up to four hours, but one hour at a time; and walk up to two hours, but one hour at a time; he can frequently use foot controls and perform all postural activates; he cannot work around very loud noise; he can be exposed to frequent temperature extremes; he cannot read very small print but can read regular print and on a computer screen; (5) Plaintiff is able to perform his past relevant work as a manager for environmental health and safety; (6) Plaintiff was not under a disability as defined in the Act at any time through the date of this decision.[11]

---

[9]  (*Id.* at 55, 171, 203.)

[10]  (*Id.* at 204, 505.)

[11]  (*Id.* at 57-62.)

The Social Security Act defines disability as the inability to engage in substantial gainful activity.[12] The claimant bears the ultimate burden of establishing an entitlement to benefits.[13] The initial burden of going forward is on the claimant to show that he is disabled from engaging in his former employment; the burden of going forward then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background.[14]

The Commissioner conducts the following, five-step analysis to determine if an individual is disabled within the meaning of the Act:

1. An individual who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.

2. An individual who does not have a severe impairment will not be found to be disabled.

3. A finding of disability will be made without consideration of vocational factors, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the regulations.

4. An individual who can perform work that he has done in the past will not be found to be disabled.

5. If an individual cannot perform his or her past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.[15]

Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis.[16] Here, the sequential analysis proceeded to the fourth step

---

[12]  42 U.S.C. § 423(d)(1).

[13]  *Born v. Sec'y of Health & Human Servs*, 923 F.2d 1168, 1173 (6th Cir. 1990).

[14]  *Id.*

[15]  *Willbanks v. Sec'y of Health & Human Servs*, 847 F.2d 301 (6th Cir. 1988).

with a finding that Plaintiff can perform his past relevant work. The Court finds that substantial evidence supports this determination.

Initially, Plaintiff seeks a remand under sentence six of 42 U.S.C. § 405(g) based on evidence he submitted to the Appeals Council that was not before the ALJ. Plaintiff contends that this evidence showed that his blood glucose and blood pressure were worsening, which would contradict the ALJ's findings that these conditions were controlled. The records are dated between December 2012 and August 2013, after the ALJ's decision.[17]

A court may consider evidence submitted to the Appeals Council only to determine whether the evidence satisfies the criteria for remand under sentence six of 42 U.S.C. § 405(g).[18] Thus, evidence submitted after the ALJ's decision cannot be considered part of the record for purposes of a substantial evidence review. "To obtain a sentence-six remand, a claimant has the burden to establish that there is (1) new evidence; (2) which is material; and (3) that there is good cause for the failure to submit it to the ALJ."[19] The Sixth Circuit has explained that "evidence is new only if it was not in existence or available to the claimant at the time of the administrative proceeding."[20] Such evidence is deemed "material" if "there is a probability that the [Commissioner] would have reached a different disposition of the disability claim if presented

---

[16]  20 C.F.R. § 404.1520(a).

[17]  (R. 8, 26, ECF No. 8.)

[18]  *See Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010). It is not clear from Plaintiff's brief whether he actually seeks a sentence six remand or whether he is asking this Court to substantively consider the evidence he submitted to the Appeals Council. But, as noted, this Court may only consider the evidence to determine if Plaintiff is entitled to a remand.

[19]  *Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 717 (6th Cir. 2013) (citation omitted).

[20]  *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483-84 (6th Cir. 2006) (citation omitted).

with new evidence."[21] The additional evidence must also be time-relevant; that is, it must relate to the period on or before the date the ALJ rendered a decision.[22]

In this case, the reports in question do not establish how the findings contained therein translate into functional limitations that would have impacted the ALJ's residual functional capacity determination, and they lack relevant information as to Plaintiff's symptomatology concerning his alleged disabling limitations. Moreover, the evidence concerns a time after the ALJ's decision and, thus, does not affect the decision about whether Plaintiff was disabled on or before January 17, 2010.[23] Consequently, Plaintiff's argument that this matter should be remanded for consideration of the evidence presented to the Appeals Council fails.

Next, Plaintiff argues that the ALJ should have found hip pain, back pain, shortness of breath, and chronic fatigue as additional severe impairments at step two. Plaintiff, however, has not pointed to evidence indicating that the ALJ's residual functional capacity limitations overlooked any impairments resulting from these conditions.

The ALJ agreed that Plaintiff had severe impairments, several of which required the ALJ to address Plaintiff's functionality in the body systems not found to be severe. For instance, the ALJ considered Plaintiff's strength complaints, his ability to move around doctors' office,

---

[21] *Desantis v. Comm'r of Soc. Sec.*, 24 F. Supp. 3d 701, 709 (S.D. Ohio 2014) (quoting *Huffer v. Heckler*, 591 F. Supp. 626 (S.D. Ohio 1984) ("[R]emand to the SSA for consideration of new evidence is appropriate when there is a reasonable possibility that consideration of the offered evidence would have resulted in a different determination.")).

[22] *See Wyatt v. Sec. of Health and Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992) (finding that evidence of a subsequent deterioration or change in condition after the administrative hearing is immaterial).

[23] *See Wyatt*, 974 F.2d at 685; s*ee also Strong v. Comm'r of Soc. Sec.*, 88 F. App'x 841, 845 (6th Cir. 2004) ("Evidence of disability obtained after the expiration of insured status is generally of little probative value.").

activities of daily living, work history and other factors. As long as the ALJ considers all of an individual's impairments, the "failure to find additional severe impairments . . . does not constitute reversible error."[24]

The ALJ found Plaintiff's back, hip, and shoulder problems non-severe, in part, because Plaintiff had not had any treatment, and Plaintiff cites no evidence to contradict that conclusion.[25] Plaintiff also cites no evidence showing impairments related to shortness of breath or chronic fatigue. As the ALJ pointed out, Plaintiff told his doctors that iron tablets helped with fatigue.[26] As for shortness of breath, chest x-rays and an echocardiogram were normal.[27] Moreover, Plaintiff denied shortness of breath during examinations in April and May 2011.[28]

Plaintiff claims that it was the Commissioner's responsibility to obtain his records from prior to his alleged onset date. Even if those records were relevant, Plaintiff bears the burden to

---

[24] *Kirkland v. Comm'r of Soc. Sec.*, 528 F. App'x 425, 427 (6th Cir. 2013) (quoting *Fisk v. Astrue*, 253 F. App'x 580, 583 (6th Cir. 2007)).

[25] (R. 57.) *See Curler v. Comm'r of Soc. Sec.*, 2014 WL 1282521 *8, (6th Cir. April 1, 2014) ("Had Curler suffered from severe pain associated with her back condition, the medical records would have revealed severe back or leg abnormalities, abnormal functioning on physical exams, recommendations for more aggressive treatment, and more significant doctor-recommended functional limitations.")

[26] (R. 60, 221, 510, ECF No. 8.)

[27] (*Id.* at 35, 83, 239, 303, 310.)

[28] (*Id.* at 510, 521, 559.)

provide evidence of limitations, not the Commissioner.[29] That is especially true when, as in the present case, Plaintiff was represented by counsel.[30]

As noted above, the initial burden of going forward is on Plaintiff to show that he is disabled from engaging in his former employment; once he makes that showing, the burden of going forward shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and background.[31] Accordingly, it is Plaintiff's burden to prove that he has disabling limitations, not the ALJ's. The mere fact that Plaintiff has a diagnosis or diagnoses does not mean that he has disabling limitations because a diagnosis, in and of itself, "says nothing about the severity of the condition."[32] Instead, the ALJ must consider the actual work-related impact of those diagnoses.

Plaintiff complains of the ALJ's credibility determination. In particular, Plaintiff argues that the ALJ did not give specific reasons for finding his complaints less than fully credible but, instead, provided "standard, boilerplate language" in the decision.

A claimant's credibility comes into question when his "complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence.[33] "To assess credibility, the ALJ must consider "the entire case record," including "any medical signs and lab

---

[29] *See Watters v. Comm'r of Soc. Sec.*, 530 F. App'x 419, 425 (6th Cir. 2013) ("[T]his court has consistently affirmed that the claimant bears the burden of producing sufficient evidence to show the existence of a disability.") (citations omitted)).

[30] *See Culp v. Commissioner of Social Sec.*, 529 F. App'x 750, 751 (6th Cir. 2013) (recognizing no "special duty to develop the record" when an individual is represented by counsel).

[31] *Born*, 923 F.2d at 1173.

[32] *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (stating that a diagnosable impairment is not necessarily disabling) (citation omitted)).

[33] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).

findings, the claimant's own complaints of symptoms, any information provided by the treating physicians and others, as well as any other relevant evidence contained in the record."[34] This Court is required to "accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying."[35] However, the ALJ's credibility finding "must find support in the record."[36]

The Sixth Circuit recently reiterated that the "chief concern" with using a "template" or "boilerplate" language when assessing a claimant's credibility "is the risk that an ALJ will mistakenly believe it sufficient to explain a credibility finding, as opposed to merely introducing or summarizing one."[37] However, as in the present case, "usage of the template to introduce the ALJ's credibility finding is not by itself erroneous" as long as the ALJ provides "an adequate explanation of the adverse credibility finding."[38]

Here, the Court finds no error in the ALJ's credibility determination because Plaintiff did not provide objective medical evidence to establish the intensity and persistence of his alleged symptoms, and the record as a whole does not indicate that his condition was of disabling severity. Although Plaintiff presented objective medical evidence of underlying medical conditions and the ALJ found that these impairments could reasonably cause the kind of

---

[34] *Id.*

[35] *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citations omitted).

[36] *Id.*

[37] *Sorrell v. Comm'r of Soc. Sec.*, 2016 WL 4245467 (6th Cir. Aug. 11, 2016) (quoting *Cox v. Comm'r of Soc. Sec.*, 615 F. App'x 254, 260 (6th Cir. 2015)).

[38] *Id.*

limitations as alleged by Plaintiff, the ALJ also found that Plaintiff's statements about the intensity, persistence, and limiting effect of his alleged symptoms were not entirely credible because they were inconsistent with the evidence of record.[39]

The ALJ looked at Plaintiff's treatment history which contained few indications of symptoms as severe as Plaintiff alleged. For example, Plaintiff's clinical examinations were essentially normal, with normal strength, normal reflexes, and normal gait.[40] Several of Plaintiff's impairments, including diabetes and hypertension, were controlled with medication.[41]

In making her decision, the ALJ relied on a medical opinion from consultative examiner, Stephen K. Goewey, M.D., who stated Plaintiff could lift fifty pounds frequently, and sit/stand/walk during the course of a workday.[42] The ALJ also noted that Plaintiff did not leave his last job due to his alleged limitations but because he had been laid off.[43] Additionally, Plaintiff engaged in daily activities inconsistent with disability, including going to church several times per week, fishing, eating out, feeding his cows in good weather, and doing household chores.[44]

---

[39] *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1529(c) (stating that an ALJ is required to analyze the intensity and persistence of the claimant's symptoms if there is objective evidence of a medical condition that could reasonably cause the alleged impairments).

[40] (R. 60, 504-05, 523-24, ECF No. 8.)

[41] (*Id.* at 61, 524.)

[42] (*Id.* at 525-26.)

[43] (*Id.* at 61, 203.)

[44] (*Id.* at 213-19, 505.) *See Temples v. Comm'r of Soc. Sec.*, 515 F. App'x 460, 462 (6th Cir. 2013) (finding that the ALJ properly considered daily activities in assessing credibility).

Finally, Plaintiff argues that the ALJ should have assigned controlling weight to a medical source statement form completed by his treating physician, Mohammed Yousef, M.D.[45] Dr. Yousef opined that Plaintiff could lift no more than ten pounds, could walk/stand two hours per day, and needed to alternate sitting and standing, in addition to other postural, handling, and safety restrictions.[46] Dr. Yousef stated that Plaintiff had back pain related to a long-ago injury, shoulder pain, diabetic neuropathy, and difficulty walking.[47] Dr. Yousef also opined that Plaintiff was unable to perform work in any job due to his limitations.[48]

The regulations require that if the opinion of the claimant's treating physician is "'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and [is] 'not inconsistent with the other substantial evidence in [the] case record,'" it must be given "controlling weight."[49] "If the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors-namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source-in determining what weight to give the opinion."[50]  Even if the treating

---

[45] (*Id.* at 60-62, 577-80.)

[46] (*Id.* at 577-81.)

[47] (*Id.* at 578.)

[48] (*Id.* at 580.)

[49] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); 20 C.F.R. § 04.1527(d)(2).

[50] *Wilson*, 378 F.3d at 544 (quoted with approval in *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 747 (6th Cir. 2007)).

physician's opinion is not given controlling weight, "there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference."[51]

If the treating physician's opinion is not given controlling weight, the ALJ is required to provide "good reasons" for discounting it and that rationale must be supported by the evidence in the record and "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."[52]

Contrary to Plaintiff's argument, the ALJ gave specific reasons for rejecting Dr. Yousef's medical source statement form. As the ALJ pointed out, the opinion was inconsistent with the record as a whole.[53] First, Dr. Goewey's examination had shown that Dr. Yousef was not correct in claiming Plaintiff had difficulty walking.[54] Dr. Goewey reported Plaintiff's gait as normal and that he could balance and squat normally.[55] The ALJ also pointed out that, in documents completed as part of his application, Plaintiff admitted he could walk one mile at a time.[56] The ALJ noted that Dr. Yousef based his opinion on supposed back pain, but, as previously

---

[51] *Rogers*, 486 F.3d at 242.

[52] *See* SSR 96-2p. *See also Gayheart v. Commissioner of Social Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (pointing out that this procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule").

[53] *See* 20 C.F.R § 404.1527(c)(4) (2013) ("[T]he more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.").

[54] (R. 578, ECF No. 8.)

[55] (*Id.* at 523-24.)

[56] (*Id.* at 62, 217.)

discussed, there are no treatment records showing that Plaintiff ever complained of back pain, nor any other evidence suggesting that he had medically determinable problem with his back.[57]

Because the ALJ pointed to a "good reason" to reject Dr. Dr. Yousef's opinion and highlighted specific inconsistencies between the opinion and other evidence, the Court finds Plaintiff's argument to be without merit.[58]

At step four of the sequential analysis, the ALJ compares the claimant's residual functional capacity with the requirements of the claimant's past work.[59] Past relevant work is, generally, a job that was performed within the last fifteen years, performed long enough to learn how to perform the job, and was substantial gainful activity.[60] If the past job did not require the claimant to perform activities in excess of the claimant's residual functional capacity, the claimant will be found not disabled.[61] A claimant must prove that he is unable to return to her past relevant work either as he performed that work or as that work is generally performed in the national economy.[62] Plaintiff has failed to carry his burden of proof.

The ALJ found that Plaintiff could perform his past relevant work as a manager for environmental health and safety and, therefore, was not disabled. He worked long enough to learn the essential functions of the job, and he performed the work at the substantial gainful

---

[57] (*Id.* at 62.)

[58] *See Bledsoe v. Barnhart*, 165 F. App'x 408, 412 (6th Cir. 2006) (noting that it was sufficient for the ALJ to find doctor's opinion was "not well supported by the overall evidence of record and are inconsistent with other medical evidence of record").

[59] 20 C.F.R. §§ 404.1520(e), 404.1560(b).

[60] 20 C.F.R. § 404.1565(a).

[61] 20 C.F.R. §§ 404.1520(e), 404.1560(b), 404.1561.

[62] *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

activity level.[63]  In comparing Plaintiff's residual functional capacity with the physical and

mental demands of such work and based on the testimony of a vocational expert that, given

Plaintiff's residual functional capacity and work history, Plaintiff could perform work as a

manager for environmental health and safety as it is generally performed and as Plaintiff

described it, the ALJ determined that Plaintiff would not be precluded from performing this past

work.[64]  Accordingly, substantial evidence supports the ALJ's finding that Plaintiff is not

disabled.

      Because substantial evidence supports the ALJ's determination that Plaintiff was not

disabled, the decision of the Commissioner is **AFFIRMED**.

      **IT IS SO ORDERED.**


           **s/ S. Thomas Anderson**
           S. THOMAS ANDERSON
           UNITED STATES DISTRICT JUDGE

           Date:   January 30, 2017.

---

[63]  Plaintiff held this position since 2001. (R. 62, ECF No 8.)

[64]  (*Id.*)